United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 6, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-11004
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OTHAL D. MASEY, JR.,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:04-CR-00186
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Othal Masey appeals the district court's denial of a two level reduction for acceptance of responsibility pursuant to section 3E1.1(a) of the Sentencing Guidelines. Masey is currently incarcerated on a guilty plea conviction for being a felon in possession of a firearm and ammunition. <u>See</u> 18 U.S.C. §§ 922(g)(1) & 924(a)(2).

He argues that the district court adopted an automatic approach in denying him a two level reduction and that the district court failed to find that his pretrial release

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

violations were willful.  The court need not decide whether plain error applies to these precise issues because Masey's arguments fail even under a more lenient clear error standard.

This court reviews the district court's interpretation of the guidelines de novo and its factual determinations for clear error.  United States v. Villegas, 404 F.3d 355, 359 (5th Cir. 2005); United States v. Villanueva, 408 F.3d 193, 203 n.9 (5th Cir. 2005).  "If the defendant clearly demonstrates acceptance of responsibility for his offense," his offense level should be decreased by two levels.  U.S. SENTENCING GUIDELINES MANUAL § 3E1.1(a) (2004).  Because "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility," the § 3E1.1 determination "is entitled to great deference on review." U.S. SENTENCING GUIDELINES MANUAL § 3E1.1 cmt. n.5 (2004).

The sentencing transcript reflects that the district court thoroughly considered Masey's arguments in support of the reduction at the sentencing hearing.  Masey failed to rebut the information contained in the presentence report that Masey's employer and friend was willing to provide him transportation to his Alcohol Anonymous meetings in accordance with pretrial release conditions.  See United States v. Caldwell, 448 F.3d 287, 290 (5th Cir. 2006).  To the extent that Masey argues that the district court failed to make a finding that his violations were willful, Masey cites neither case law nor statutory authority that a finding of willfulness must be made prior to denying a

reduction for acceptance of responsibility.  Accordingly, the district court did not err in denying a two level reduction for acceptance of responsibility.  <u>See</u> <u>Villegas</u>, 404 F.3d at 359; <u>Villanueva</u>, 408 F.3d at 203 n.9.

AFFIRMED.